UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-21380-CIV-ZLOCH

BELTRAN MEDRANO,

     Plaintiff,

vs.                                                                                           **O R D E R**

LOTUS RESTAURANT, INC., et al.,

     Defendants.
_____/

    THIS MATTER is before the Court upon Plaintiff Beltran Medrano's Motion For Attorney Fees And Costs (DE 14). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

    By prior Order (DE 13), the Court entered Default Final Judgment against Defendants Lotus Restaurant, Inc., d/b/a Juliet Supper Club a/k/a Juliet Restaurant and Supperclub and Yury Gutgarts, individually. Plaintiff Beltran Medrano, as the prevailing party, now moves for attorney's fees and costs associated with the successful prosecution of this Action.

    The guiding light for the Court's analysis is always reasonableness, fully informed by its duty to exercise care and restraint in awarding fees, lest "[u]ndue generosity encourage some members of the bar to seek out clients and encourage litigation over disputes that otherwise might not reach the courts." 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2675.1 (1998 & West Supp. 2011).

    To calculate a reasonable fee, the Court must utilize the "lodestar" method of multiplying the number of hours reasonably

expended on the litigation by the reasonable hourly rate. <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983); <u>Blum v. Stenson</u>, 465 U.S. 886 (1984); <u>see also</u> <u>Norman v. Housing Auth. of City of Montgomery</u>, 836 F.2d 1292, 1299 (11th Cir. 1988). In computing the lodestar, the first step is to determine the reasonable hourly rate. A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." <u>Loranger v. Stierheim</u>, 10 F.3d 776, 781 (11th Cir. 1994) (<u>quoting</u> <u>Norman</u>, 836 F.2d at 1299). The Court is deemed an expert on the issue of hourly rates in this community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." <u>Loranger</u>, 10 F.3d at 781 (<u>quoting</u> <u>Norman</u>, 836 F.2d at 1303). To determine whether counsel's hourly rate and the number of hours claimed are reasonable, the district court should consider the twelve factors set forth in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F. 2d 714 (5th Cir. 1974). Those factors are

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards

2

in similar cases.

Id. at 717-719. Here the Court is satisfied that a reasonable rate for Mr. Ruben Martin Saenz is $200.00 per hour. In particular, the Court has considered the attorney's experience and the time, labor, and expertise that this case required. The Court notes that a rate of $200.00 per hour is more appropriate than the $300.00 per hour rate he seeks, given the standard rate for similar attorneys litigating cases under the FLSA.

The second step in calculating the lodestar is to determine the reasonable number of hours expended by Mr. Saenz in the successful prosecution of the action. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Norman, 836 F.2d at 1301) (emphasis omitted). The burden of establishing that the time for which compensation is sought was reasonably expended on the litigation rests on the applicant. See id. at 428. The fee applicant must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees awarded. Id. "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008).

Here, Plaintiff seeks attorney's fees for 8.70 hours of work expended by Mr. Saenz. Consequently, at an hourly rate of $200.00

per hour, Plaintiff is entitled to $1,740.00 in attorney's fees.

Finally, Plaintiff seeks $430.00 in costs, including filing fees and the fees associated with effecting service of process on both Defendants. The Court finds that such costs are compensable under 28 U.S.C. § 1920 and may be recovered by Plaintiff.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff Beltran Medrano's Motion For Attorney Fees And Costs (DE 14) be and the same is hereby **GRANTED**. Plaintiff Beltran Medrano does have and recover from Defendants Lotus Restaurant, Inc., d/b/a Juliet Supper Club a/k/a Juliet Restaurant and Supperclub and Yury Gutgarts, individually, the sum of $1,740.00 in attorney's fees and $430.00 in costs incurred in this action, for all of which let execution issue.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of November, 2012.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record